UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALASKA PLUMBING AND PIPEFITTING INDUSTRY PENSION FUND et al., <br><br> Plaintiffs, <br><br> v. <br><br> HONEYWELL INTERNATIONAL INC., <br><br> Defendant. | CASE NO. 2:25-cv-00253-LK <br><br> ORDER GRANTING IN PART MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS |

This matter comes before the Court on Defendant Honeywell International Inc.'s Motion to Stay Judicial Proceedings, Dkt. No. 15, and its Motion to Compel Arbitration and for Interim Stay of Judicial Proceedings Pending Arbitration, Dkt. No. 22. Two motions and six briefs later, the parties have agreed to arbitrate a threshold issue and stay this case in the interim. For the reasons set forth below, the Court grants the motion to compel arbitration only as to the threshold issue and to stay these proceedings pending arbitration, and denies as moot the duplicative motion to stay judicial proceedings.

ORDER GRANTING IN PART MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS - 1

## I.  BACKGROUND

Plaintiffs Alaska Plumbing and Pipefitting Industry Pension Fund (the "Fund") and Clayton Bessette, as a Fund fiduciary, bring this action against Honeywell to recover delinquent contributions. Dkt. No. 9 at 2. The Fund is a multi-employer pension plan, and pursuant to collective bargaining agreements, Honeywell was obligated to submit contributions to the Fund for covered work performed by its employees. *Id.* at 3.

Plaintiffs allege that in 2021, Honeywell "permanently ceased contributing to the Fund and therefore completely withdrew from the Fund," resulting in withdrawal liability in the amount of $1,185,731.15. *Id.* at 4. On March 8, 2024, the Fund sent Honeywell a Withdrawal Liability Notice & Demand Letter stating that Honeywell had triggered a complete withdrawal from the Fund, and it was therefore liable for withdrawal liability in the amount of $1,185,731.15, with its first payment due on May 8, 2024. *Id.*; *see also id.* at 10–14. After receiving no response or payment, the Fund sent Honeywell a demand letter dated May 24, 2024, threatening litigation. *Id.* at 4–5, 16–17. When that correspondence went unanswered, the Fund sent a third letter to Honeywell's main headquarters in September 2024. *Id.* at 5, 19–20. Still, Honeywell did not make any of the requested payments, *id.* at 5, and Plaintiffs filed this lawsuit on February 7, 2025 seeking the full amount of withdrawal liability, interest, and other relief, Dkt. No. 1 at 6.

On May 21, 2025, Honeywell sent a notice of intent to arbitrate to Plaintiffs' counsel. Dkt. No. 23 at 2; Dkt. No. 23-1 at 2. Honeywell also made "a quarterly payment of $29,442.91, consistent with the statutory provisions governing withdrawal liability disputes." Dkt. No. 23 at 2; *see also* Dkt. No. 23-2. The Fund contends that Honeywell's request to arbitrate was untimely—coming too late after the Fund's Notice and Demand—thereby "resulting in waiver of all defenses to the assessment" of withdrawal liability. *See* Dkt. No. 26 at 7. Nevertheless, the Fund "consents

to a bifurcated arbitration on the threshold question of when Honeywell received the Fund's Notice and Demand." *Id.* at 8.

## II. DISCUSSION

### A. The Court Has Jurisdiction over this ERISA Action

Honeywell cites Federal Rule of Civil Procedure 12(b)(1), noting that courts "recognize that subject matter jurisdiction may be lacking where the parties are obligated to arbitrate." Dkt. No. 22 at 6. At the same time, Honeywell acknowledges that federal law—the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA")—governs this dispute. *Id.* at 1, 3–4.

This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under ERISA, as amended by the MPPAA, 29 U.S.C. §§ 1132(e), 1132(f), 1401(b)(1) and 1451(c). "District courts maintain subject matter jurisdiction for all disputes arising under ERISA pursuant to 29 U.S.C. § 1451(c)." *Bd. of Trs. of the Constr. Laborers' Pension Trust v. M.M. Sundt Constr. Co.*, 37 F.3d 1419, 1420 (9th Cir. 1994); *see also* 29 U.S.C. § 1451(c).

### B. The Court Compels Arbitration of the Threshold Notice Issue

The MPPAA governs employer withdrawals from multi-employer defined benefit pension plans through statutory provisions codified at 29 U.S.C. §§ 1381–1405. As relevant here, Plaintiffs contend that when Honeywell ceased contributing to the Fund in 2021, it completely withdrew from the Fund within the meaning of 29 U.S.C. § 1383(a). Dkt. No. 9 at 4. As a result, it became responsible for substantial withdrawal liability pursuant to Section 1301(b)(1). *Id.*

The MPPAA provides that "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this title shall be resolved through arbitration." 29 U.S.C. § 1401(a)(1); s*ee also M.M. Sundt Constr. Co.*, 37 F.3d at 1420 ("Under ERISA, disputes which arise under 29 U.S.C. §§ 1381–1399 are to

be resolved through arbitration."). The parties agree that the threshold issue of whether and when Honeywell received the Fund's Notice and Demand letter is arbitrable. Dkt. No. 22 at 5–6 (Honeywell citing cases and arguing that "courts also require arbitration of disputes involving whether an employer received proper notice of a withdrawal liability assessment."); Dkt. No. 26 at 6, 8 ("the Fund agrees that . . . the sufficiency of a § 1399 Notice and Demand [is] subject to arbitration," and therefore "the Fund consents to a bifurcated arbitration" on that "threshold issue"). The Court agrees that the notice issue is arbitrable because the dispute arises under Section 1383. *See* 29 U.S.C. § 1401(a)(1). It therefore grants Honeywell's request to arbitrate that issue.

However, the Court denies as premature Honeywell's request "to compel arbitration of the parties' underlying dispute[.]" Dkt. No. 22 at 1. The Fund avers that if the arbitrator rules in Plaintiffs' favor on the threshold issue, Honeywell is not entitled to arbitration on the merits issue. Dkt. No. 26 at 9. In its reply brief, Honeywell notes that Plaintiffs' response "concedes Honeywell's principal point, *i.e.*, the threshold question in this dispute of whether Honeywell was given proper notice of Plaintiffs' assessment of withdrawal liability is subject to arbitration," Dkt. No. 31 at 1, and does not push for arbitration on the merits too. Accordingly, the Court grants Honeywell's motion to arbitrate the threshold notice issue and denies as premature its request to compel arbitration of other issues.

## C.    The Court Stays the Matter Pending Arbitration

Honeywell requests that the Court stay this matter pending arbitration, Dkt. No. 22 at 6, and "[t]he Fund agrees that this matter should be stayed pending arbitration," Dkt. No. 26 at 8.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a

ORDER GRANTING IN PART MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS - 4

just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, a stay to allow the arbitration to play out will not cause any damage, nor any hardship or inequity to either party, and will promote the orderly course of justice and preserve the parties' and the Court's resources. Conversely, the parties may suffer damage if they are required to proceed in this forum if the matter is subject to mandatory arbitration. *See* 29 U.S.C. § 1401(a)(1). The Court thus grants Honeywell's request to stay the case pending the completion of arbitration proceedings regarding the notice issue. In light of that stay, the Court denies as moot Honeywell's May 27, 2025 request to stay this matter for 90 days. Dkt. No. 15 at 1.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Honeywell International Inc.'s Motion to Compel Arbitration and for Interim Stay of Judicial Proceedings Pending Arbitration, Dkt. No. 22, and DENIES AS MOOT its Motion to Stay Judicial Proceedings, Dkt. No. 15.

This case is STAYED pending the completion of arbitration proceedings regarding the notice issue, and the parties shall file a joint status report notifying the Court within seven days of the conclusion of that arbitration.

Dated this 29th day of July, 2025.

Lauren King
United States District Judge